## Joseph Shampay v. City of Chicago.

1.    ORDINARY CARE—*Exercise of, a Question for the Jury.*—The question as to whether the plaintiff was in the exercise of ordinary care is for the jury.

2.    INSTRUCTIONS—*When Not Reversible Error.*—An instruction improperly given on a point not arising in the case, unless it is calculated to mislead the jury or prejudice them against the opposite party, is not reversible error.

Trespass.—Injuries to personal property.    Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for defendant.    Plaintiff appeals.    Heard in this court at the March term, 1898.    Affirmed.    Opinion filed May 26, 1898.

B. M. SHAFFNER, attorney for appellant.

MILES J. DEVINE and QUIN O'BRIEN, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellant brought suit against appellee to recover for the loss of a horse through the alleged negligence of appellee. The negligence charged was in permitting a public street, viz., the intersection of Washington and Jefferson streets, in the city of Chicago, to be in an unsafe condition, in that there was an opening or runway between the curbstone and the pavement, which was used to drain water into the sewer. Into this opening appellant's horse stepped, and as a result thereof, a leg of the horse was broken. At the time of the accident appellant, accompanied by his son, was driving. Both appellant and his son were familiar with the locality, and knew of the alleged defect in the street, viz., the opening or runway. The cause was submitted to a jury and a verdict for appellee was returned. It is urged that the verdict is against the weight of the evidence. To this we can not assent. It was undisputed that appellant knew of the alleged defect. While his knowledge might not *per se* preclude a jury from finding that he was in the exercise of ordinary care, yet it did not preclude a finding that he was not in the exercise of such care. We think the latter finding the one more consistent with the facts as they appear from the record. Whether the jury so found as to contributory negligence of appellant, or based their verdict upon a finding that there was no negligence upon the part of the city, we could in neither event say that the verdict was against the weight of the evidence. The runway or drain was not such an opening as can be declared by the court to have been a defective condition, the permitting of which would constitute negligence.

The third, fifth and sixth instructions tendered by the appellee and given by the court, are complained of. We see no fault in any of them, which would have been likely to

prejudice appellant.   It was unnecessary to refer to the duty of the city, as to walks or bridges, when instructing as to its duty in relation to streets; but no harm could have resulted therefrom.   The other objections to these instructions are not tenable.

The judgment is affirmed.